**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                             Case No. 15-20609

AMANDA LYNN MITCHELL,

      Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

Defendant Amanda Lynn Mitchell pleaded guilty to conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). (ECF Nos. 205, 264.) Defendant was sentenced to 188 months imprisonment. (ECF No. 363.) She has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (ECF No. 429.) The government filed a response. (ECF No. 444.) Defendant did not file a reply but later filed a Motion for Default Judgment. (ECF No. 471.) For the reasons explained below, the court will deny both of Defendant's motions.

### I. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute "is not a substitute for a direct

appeal," and "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit relief. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 166–68 (1982)).

Defendant bases two of her claims upon ineffective assistance of counsel. To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Defendant must show that her counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Next, Defendant "must show that the deficient performance prejudiced the defense." *Id.* "It is very difficult for a defendant to surmount *Strickland*'s high bar." *McMullan v. Booker*, 761 F.3d 662, 673 (6th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). Defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

## II. DISCUSSION

Defendant's § 2255 motion lists four grounds for relief. The first and fourth grounds argue that she was deprived effective assistance of counsel because her counsel failed to file an appeal—even though she did not ask her attorney to do so— and did not move for application of the safety valve provision of § 5C1.2 of the U.S. Sentencing Guidelines (USSG) at her sentencing. (ECF No. 429, PageID.3585, 3589.) The second and third grounds argue that the court erred at sentencing by failing to reduce her sentence pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) and *Booker v. Washington*, 543 U.S. 220 (2005), as well as failing to grant her a minor role

reduction pursuant to USSG § 3B1.2. (*Id.*, PageID.3586–87.) The court will consider each argument in turn.

Defendant's first ground is that her counsel was ineffective because he did not file an appeal or consult with her about doing so. (ECF No. 429, PageID.3585.) This argument is without merit. In her plea agreement, Defendant waived the right to appeal her sentence so long as it did not exceed the recommendation of 188 months, which it did not. (ECF No. 205, PageID.905.) When a criminal defendant "waive[s] [her] right to appeal as part of a plea agreement," "[o]nly challenges to the validity of the wavier itself will be entertained on appeal." *United States v. Beal*, 698 F.3d 248, 255 (6th Cir. 2012) (quoting *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004); *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012)). Here, Defendant does not dispute (and the plea colloquy evidences) that her plea was knowingly and voluntarily made. (ECF No. 264, PageID.1348.) Nor does she claim that she asked her counsel to file an appeal. (ECF No. 429, PageID.3595–96.) Therefore, her counsel did not perform deficiently by failing to file an appeal and Defendant was not prejudiced as a result.

In support of this first ground Defendant also cites *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), for the proposition that her counsel was deficient for failing to consult her about filing an appeal. Specifically, Defendant claims that "it is reasonable thst [sic] she would want to appeal because she was sentenced to 15 years." (ECF No. 429, PageID.3596.) In *Flores-Ortega*, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think . . . that a rational defendant would want to appeal." *Flores-Ortega*, 528 U.S. at 480. The fact that a defendant pleaded guilty is "a highly relevant factor in

this inquiry," and "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Here, Defendant pleaded guilty and waived her right to appeal. Although Defendant claims "that a sentence of 15 years was not what [she] bargained for with the plea deal," (ECF No. 429, PageID.3597), the plea agreement recommended a sentence of 188 months—the sentence she received. (ECF No. 205, PageID.903.) Defendant alleges no facts suggesting her counsel was deficient under *Flores-Ortega*.

The second ground for Defendant's § 2255 motion is that her sentence should be reduced based upon *Blakely* and *Booker*. (ECF No. 429, PageID.3586.) Specifically, she argues that "her sentence, albeit well below the low end of the applicable guidelines range, is substantially unreasonable and 'greater than necessary' to achieve the goals of sentencing because the court failed to consider several relevant section 3553(a) factors." (*Id.*) Further, Defendant states that she "was plainly prejudiced by the Court's use of mandatory guidelines to sentence her." (*Id.*, PageID.3599.) These arguments are without merit because the court did not treat the Sentencing Guidelines as mandatory. The court explained this to Defendant when she pleaded guilty, and Defendant makes no factual allegations suggesting the court treated the Guidelines as mandatory. Defendant also does not point to any specific § 3553(a) factors she alleges were ignored by the court. This ground, too, fails.

Third, Defendant claims she should have been granted a "minor role" reduction based on USSG § 3B1.2. (ECF No. 429, PageID.3587.) She argues that "she was not a major player in the offense" and that the probation office did not analyze her role under

Amendment 794. (*Id.*, PageID.3599, 3602.) In her plea agreement, however, Defendant admitted to going to a variety of drug stores and buying large quantities of Sudafed to be used in the manufacture and distribution of methamphetamine, as well as helping to cook the methamphetamine, from approximately 2014 to 2017. (ECF No. 264, PageID.1358–62.) These admissions are not consistent with Defendant playing merely a "minor role" in the conspiracy to manufacture or distribute methamphetamine. Indeed, in the government's list provided to the probation department categorizing the members of the conspiracy according to their level of culpability, Defendant was in the second tier. Because Defendant makes no allegations supporting her assertion that she played a relatively minor role in the conspiracy, this ground does not merit relief.

Finally, Defendant argues that her counsel was ineffective for failing to move for the application of the safety-valve provision of USSG § 5C1.2 based upon her criminal history, the fact that she did not possess a weapon, and her not being a leader in the offense. (ECF No. 429, PageID.3589.) Under § 5C1.2, "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets" five specific criteria. The first criterion is that "the defendant does not have more than 1 criminal history point." USSG § 5C1.2(a)(1). The government avers that Defendant possessed more than one criminal history point, and Defendant does not claim otherwise. (ECF No. 444, PageID.3676.) Since Defendant does not qualify for the safety-valve provision, it was neither deficient nor prejudicial for her counsel not to argue for its application. Ground four fails.

Because each of Defendant's four arguments for relief under § 2255 fail, the court will deny her motion. The court will also deny a certificate of appealability because jurists of reason would not debate the court's analysis with respect to Defendant's claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Defendant also filed a Motion for Default Judgment. (ECF No. 471.) It appears to be based upon the government's failure to file its response to her § 2255 motion by April 27, 2018, when it was due. The government filed its response on April 30, 2018. (ECF No. 444.)

Default judgment is not appropriate in habeas cases—and, by extension of reasoning, to § 2255 cases—"on the ground that state officials fail to file a timely response to a petition." *United States v. Scantland*, 2010 WL 6571943, at *5 (E.D. Mich. Dec. 7, 2010) (quoting *Mahady v. Cason*, 222 F. Supp. 2d 918, 922 (E.D. Mich. 2002)). Moreover, in this case the government's response was filed only one business day after the deadline and in no way prejudiced Defendant.

To the extent Rule 55 applies, Defendant's motion fails nonetheless. Subsection (d) provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Defendant has not established a claim or right to relief. The court will deny her Motion for Default Judgment.

### III. CONCLUSION

IT IS ORDERED that Defendant's § 2255 Motion to Vacate Sentence (ECF No. 429) and a Certificate of Appealability are DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Default Judgment (ECF No. 471) is DENIED.

s/Robert H. Cleland                              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner                                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.MITCHELL.Deny2255.DenyDefaultJudgment.docx