**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                Case No. 15-20609

AMANDA LYNN MITCHELL,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION**
**FOR HARDSHIP CREDIT FOR HARD TIME SERVED**

Defendant Amanda Lynn Mitchell pleaded guilty on April 20, 2017, to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(b)(1)(A), 846. (ECF No. 363, PageID.2984.) On November 16, 2017, the court sentenced Defendant to 188 months imprisonment. (*Id.*, PageID.2985.)

On April 1, 2021, Defendant filed a fill in the blanks, form motion titled "Motion for Hardship Credit for Hard Time Served." (ECF No. 713.) She alleges that the prison in which she is confined, FCI Aliceville, has imposed stringent lockdowns to mitigate the spread of the Coronavirus Disease ("COVID-19"). (*Id.*, PageID.6636-37.) Defendant argues that she is entitled to two days of credit for every one day she has served while "locked down." (*Id.*, PageID.6639.) The government filed a response to the motion on April 27, 2021. (ECF No. 719.)

Defendant fails to identify a statutory basis by which the court may credit two days served for every day she spends in incarceration. "[T]here is no inherent authority for a district court to modify an otherwise valid sentence." *United States v. Washington*,

584 F.3d 693, 700 (6th Cir. 2009). "[I]n the absence of an express statute or rule to the contrary, a district court is without jurisdiction to reconsider and ultimately reimpose a modified term of imprisonment." *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (citing *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028-29 (9th Cir. 1999)); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" in enumerated circumstances). There is no legal basis for Defendant's request, and the court will deny her motion.

To the extent that Defendant's motion could be construed as a request for compassionate release, relief is not warranted. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), states that court "may *reduce* the term of imprisonment" of a prisoner if certain conditions are met. (emphasis added). The plain text of the statute does not provide the court with authority to alter how time served is *calculated*. *See United States v. Parrett*, 530 F.3d 422, 429 (6th Cir. 2008) (quotations removed) ("The statutory-interpretation analysis begins by examining the language of the statute itself to determine if its meaning is plain."). The court has the authority only to reduce Defendant's term of imprisonment under § 3582(c)(1)(A), and neither Defendant nor the government cite any caselaw holding that courts have authority under that statute to modify time credit calculations.[1]

Even if compassionate release were the appropriate procedural vehicle for Defendant's motion, she does not qualify for relief. Compassionate release has "three

---

[1] In addition, Defendant does not ask that the court reduce her sentence to time served. While the court could partially reduce her sentence now, that relief would not affect how credits for time served are later calculated. Defendant may in the future experience additional restrictions on movement and gatherings at FCI Aliceville.

2

substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, Defendant must demonstrate that "extraordinary and compelling reasons warrant" relief. 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of the relief sought. Third, the relief must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before the court may consider a motion for compassionate release, Defendant must exhaust her administrative remedies at the BOP. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release herself only if she submits a request for compassionate release to her warden and she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." Defendant neither asserts nor proves with documentation that she exhausted her remedies with the BOP prior to filing the instant motion. Thus, the court cannot provide relief under § 3582(c)(1)(A).

Furthermore, Defendant's circumstances are neither extraordinary nor compelling. "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as

"one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

Defendant states that all prisoners at FCI Aliceville have been confined primarily to their cells and argues that food and medical provisions at FCI Aliceville have been inadequate. (ECF No. 713, PageID.6636-37.) In the motion, Defendant does not describe any conditions or unique vulnerabilities that apply specifically to her. She, in essence, contends that relief is warranted simply because she is a prisoner at FCI Aliceville, like 1,250 other individuals. *See FCI Aliceville*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/ali/ (last visited May 4, 2021). However, the conditions that affect all inmates at FCI Aliceville, regardless of their health, age, and family circumstances, do not warrant the extraordinary remedy of compassionate release for Defendant individually. 18 U.S.C. § 3582(c)(1)(A). Being a prisoner at FCI Aliceville is not itself exceptional, nor is it compelling. *Id.* Accordingly,

IT IS ORDERED that Defendant's "Motion for Hardship Credit for Hard Time Served" (ECF No. 713) is DENIED.

                                         s/Robert H. Cleland           /
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: May 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 7, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.MITCHELL.MotionforHardshipCreditsforHardTimeServed.RMK.docx