UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 15-20609

AMANDA LYNN MITCHELL,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

Pending before the court is Defendant Amanda Lynn Mitchell's motion for compassionate release and reduction in sentence. (ECF No. 728.) The government has filed a response (ECF No. 734), and there is no reply from Defendant. Having reviewed the record, the court finds a hearing is not necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will deny the motion.

## I.  BACKGROUND

Defendant Amanda Lynn Mitchell pleaded guilty on April 20, 2017, to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(b)(1)(A), 846. (ECF No. 363, PageID.2984.) On November 16, 2017, the court sentenced Defendant to 188 months imprisonment. (*Id.*, PageID.2985.) Her projected release date is November 25, 2029.

## II.  STANDARD

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may

reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release herself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction ... is warranted" under § 3553(a)).

### III. DISCUSSION

Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

In her motion, Defendant claims that the Coronavirus Disease ("COVID-19") constitutes "extraordinary and compelling circumstances." (ECF No. 728, PageID.6698.)

However, she does not describe any conditions or unique vulnerabilities that apply specifically to her. To the contrary, her medical records show that she has none. (ECF No. 735-1.) Further, Defendant is fully vaccinated, so are at least 92 percent of the inmates in her facility (ECF No. 734, PageID.6721, 6725, 6734).[1]

The Sixth Circuit has been clear that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (same); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (noting that "absent extenuating circumstances not present here, ... the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an " 'extraordinary and compelling reason' justifying a sentencing reduction") (citations omitted); *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (rejecting the prisoner's "argument that an elevated risk of COVID-19 can still meet the 'extraordinary and compelling' requirement of § 3582(c)(1)(A)(i) despite the widespread availability of the vaccine"); *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated") (quotations omitted). Federal courts "have routinely held that extraordinary and compelling

---

[1] Perhaps this is why Defendant asks the court to disregard the availability of COVID-19 vaccines in deciding her motion. (ECF No. 728, PageID.6706-07.)

3

circumstances are lacking and a compassionate release is not warranted based on the threat of Covid-19 alone when a vaccine is available." *United States v. Browder*, No. 13-20917, 2022 WL 2898632, at *2 (E.D. Mich. July 21, 2022) (citing cases); *United States v. Washington*, No. 17-20683, 2022 WL 2678518, at *3 (E.D. Mich. July 11, 2022) (same); *see e.g., United States v. Smith*, No. 10-CR-20566, 2022 WL 3230423, at *2 (E.D. Mich. Aug. 10, 2022); *United States v. Stewart,* No. 17-CR-20756, 2022 WL 3145951, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Bates,* No. 16-CR-20280, 2022 WL 3137415, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022). Defendant's situation here is no different.

## IV. CONCLUSION

Extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a modification of her sentence. Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release (ECF No. 728) is DENIED.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 27, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 27, 2022, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\15-20609.MITCHELL.MotionForCompassionateRelease.NH.docx